# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROSCOE T. CAMPBELL,

                Petitioner,            :    Case No. 1:16-cv-411

      - vs -                          District Judge Timothy S. Black
                                        Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
 Lebanon Correctional Institution,
                                 :
               Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for decision on the merits. Petitioner Roscoe Campbell filed an original Petition (ECF No. 3) in response to which the Warden filed the State Court Record ("SCR", ECF No. 6) and a Return (ECF No. 7). Magistrate Judge Bowman granted Mr. Campbell's Motion to Amend to add a seventh ground for relief (ECF No. 9, 11). The Warden then filed a Supplemental Return of Writ (ECF No. 16) and Petitioner filed a Response, appropriately docketed by the Clerk as a Reply under Rule 5 of the Rules Governing § 2254 Cases (ECF No. 18).

The magistrate judge reference in the case has been transferred to the undersigned to help balance the magistrate judge workload in the Western Division.

Mr. Campbell pleads the following grounds for relief:

> **Ground One**: Petitioner was denied his fundamental right to a fair trial and due process of law as guaranteed by the 5th, 6th, and 14th Amendments of the United States Constitution and Article I, § 16

1

of the Ohio Constitution when the Prosecution withheld exculpatory evidence both germane and favorable to petitioner's defense.

**Ground Two:** Trial Court abused its discretion when it denied petitioner his fundamental right to a fair trial and due process of law guaranteed by the 5th and 14th Amendments of the United States Constitution and Article I, § 16, of the Ohio Constitution when it determined there were no *Brady* materials in the sealed records and denied petitioner's motion for a new trial.

**Ground Three:** The trial court erred in resentencing petitioner to consecutive prison terms.

**Ground Four:** Petitioner was deprived of his right to effective assistance of counsel and an impartial jury as guaranteed by the 6th Amendment of the United States Constitution, Article I, and Article III, § 2 of the Ohio Constitution.

**Ground Five:** Petitioner was deprived of his due process right guaranteed by the 5th, 6th, and 14th Amendments of the United States Constitution and Article I § 16 of the Ohio Constitution when the trial court abused its discretion.

**Ground Six:** Petitioner was deprived of a fair and impartial trial when prosecution engaged in prejudicial conduct that tainted and/or prejudiced his jury.

(Petition, ECF No. 3-1, PageID 42-43.)

**Ground Seven:** Petitioner was denied his fundamental right to due process when the trial court imposed a consecutive sentence grossly disproportionate to the offense.

(Motion to Amend, ECF No. 11-1, PageID 409.)

**Procedural History**

The Adams County grand jury indicted Campbell on December 6, 2012, on one count of rape of a child under ten and another count of first degree rape. Campbell sought production by

subpoena duces tecum of Adams County Children Services documents pertaining to himself and his daughter, T.S.  Upon in camera review, the trial judge concluded these records contained no *Brady* material and he sealed them.  Campbell was convicted at trial on both counts and on the under-ten specification.  He was sentenced to life imprisonment on the under-ten count, and to a consecutive eight year term on the other rape charge.

Campbell appealed to the Fourth District Court of Appeals which denied his first two assignments of error, but held as to the third that the trial court had erred in imposing consecutive sentences without making the findings required by Ohio Revised Code § 2929.14(C)(4), and remanded for resentencing. *State v. Campbell*, 2014–Ohio-3860, 2014 Ohio App. LEXIS 3787 (Aug 26, 2014) ("*Campbell I*"); appellate jurisdiction declined, 142 Ohio St. 3d 1410 (2015).

On remand the trial court reimposed the same sentence.  This time the Fourth District affirmed. *State v. Campbell*, 2016-Ohio-415, 2016 Ohio App. LEXIS 359 (4th Dist. Feb. 3, 2016) ("*Campbell II*"), appellate jurisdiction declined, 146 Ohio St. 3d 1416 (2016).

In an application for reopening his direct appeal under Ohio R. App. P. 26(B), Campbell made a claim of ineffective assistance of appellate counsel on December 15, 2014.  The Fourth District declined to reopen and the Ohio Supreme Court also denied relief.  Campbell then filed the instant habeas corpus petition.

# Analysis

**Ground One:  Prosecutorial Misconduct:  Withholding Exculpatory Evidence**

**Ground Two:   Trial Court Error in Denying *Brady* claim**

Mr. Campbell's first two grounds for relief depend on his claim under *Brady v. Maryland*, 373 U.S. 83 (1963), that the State violated his constitutional rights by withholding exculpatory information which, under *Brady*, should have been revealed.  The Fourth District Court of Appeals decided these claims in ruling together on Campbell's first two assignments of error:

> **[*P1]** A jury convicted Roscoe T. Campbell of two counts of rape of a minor child less than thirteen years of age and sentenced him accordingly. On appeal Campbell asserts he was denied his right to a fair trial and due process of law when the state failed to disclose exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He also asserts the court erred in failing to grant him a new trial on this basis.
>
> **[*P2]** Campbell claims that the state violated *Brady* by failing to disclose that an Adams County Children Services investigation determined another of the victim's claims of sexual abuse by Campbell was "unsubstantiated." Campbell is correct that the state's *Brady* obligation extends to information held by state or local agencies involved in the investigation or prosecution at issue. But it does not impose a duty on the prosecutor's office to discover and disclose that unrelated allegations were not pursued. The materials and sealed records that Campbell contends contain *Brady* material address claims by the child that are different from the ones supporting this prosecution. Therefore, the state did not violate *Brady* by refusing to disclose these materials, nor did the court err in refusing to grant a new trial. We overrule Campbell's first and second assignments of error.
>
> * * *

## A. Brady & Exculpatory Evidence

[*P10] In his first assignment of error, Campbell claims he was denied his right to a fair trial and due process of law when the state withheld favorable evidence from him. In his second assignment of error, Campbell contends that the trial court denied him his right to a fair trial and due process of law when it determined that there were no Brady materials in the sealed records and denied his motion for new trial. Because these assignments are interrelated and raise similar issues of law, we consider them jointly. See, e.g., *State v. Fox,* 2012-Ohio-4805, 985 N.E.2d 532, ¶ 28 (4th Dist.) ("Whether evidence is materially exculpatory is a question of law"); *State v. Ogle,* 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, and 12CA19, 2013-Ohio-3420, ¶ 61-63 (although the abuse-of-discretion standard of review is generally used in reviewing a trial court's ruling denying a motion for new trial, it is inapplicable when material, exculpatory evidence is withheld by the prosecution in a criminal proceeding).

[*P11] "Due process requires that the prosecution provide defendants with any evidence that is favorable to them whenever that evidence is material either to their guilt or punishment." *State v. Brown,* 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 30, citing *Brady,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215; Fox at ¶ 25 ("A criminal defendant's due process right to a fair trial is violated when the prosecution withholds materially exculpatory evidence"). "Evidence is considered material when 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Brown* at ¶ 40, quoting *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

[*P12] The state claims that the prosecution had no duty under Brady to disclose the subpoenaed materials from the Adams County Children Services because it never possessed these confidential records. As Campbell counters, however, "[p]rosecutors have 'a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.'" (Emphasis sic.) *State v. Sanders,* 92 Ohio St.3d 245, 261, 2001 Ohio 189, 750 N.E.2d 90 (2001), quoting *Kyles v. Whitley,* 514 U.S. 419, 437, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Consequently, "[t]he Brady obligation thus extends to information held by state or local agencies involved in the investigation or prosecution at issue." *Id.,* citing *United States v.*

*Morris*, 80 F.3d 1151, 1169 (7th Cir.1996); *State v. Cunningham,* 10th Dist. Franklin No. 06AP-145, 2006-Ohio-6373, ¶ 8.

[**\*P13**] Nevertheless, "Brady and its prodigy [sic][1] do not 'impos[e] a duty on the prosecutor's office to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue.'" *Goff v. Bagley*, 601 F.3d 445, 476 (6th Cir.2010), quoting *Morris* at 1169. Consequently, investigations by other agencies on other potential offenses are not subject to disclosure in an unrelated criminal investigation and prosecution of a case. See *Goff* (petitioner "has pointed to no federal authority requiring a state prosecutor to inquire into the federal prosecution of a witness that is unrelated to the state case and that does not involve any persons acting on behalf of the state prosecutor"); *State v. Lacey*, 7th Dist. Mahoning No. 11 MA 68, 2012-Ohio-1697, ¶ 29 (no Brady violation in failing to disclose an incident report from a township bordering the county in which the criminal investigation and prosecution occurred); *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 62 ("the state's failure to contact the involved mental health agencies and the National Guard in order to obtain exculpatory evidence did not violate Brady because the agencies in possession of the challenged evidence are independent agencies who were not acting on the government's behalf in the investigation or prosecution of defendant's case"); *Cloud v. United States*, N.D.Ohio Nos. 1:03CR486 and 1:07CV3704, 2012 U.S. Dist. LEXIS 52117, 2012 WL 1252957, \*2 (Apr. 13, 2012) (memorandum prepared by FBI special agent does not constitute *Brady* material because it was not possessed by the prosecution or other government agencies involved in the investigation or prosecution at issue).

[**\*P14**] At oral argument Campbell's counsel contended that the sealed Adams County Children Services records contain evidence of the same incidents for which he was convicted and sentenced in this case. However, a review of the sealed subpoenaed records from the Adams County Children Services indicates that they are not related to the investigation of the rape incidents, which occurred between February 2004 — August 2005 and November 2009-May 2009, that form the basis of this prosecution.

[**\*P15**] Instead, these sealed records primarily relate to a separate incident involving the child, her father, Campbell, and her stepfather, Beau Campbell, that allegedly occurred at her father's house after the rapes at her mother's house at issue in this case. Campbell's reliance on the agency's April 2010 dispositional letter,

---

[1] "Progeny" is clearly intended, but "prodigy" appears in the published Sixth Circuit decision.

which he attached to his motion for new trial, is misplaced. That letter relates to the investigation of a sexual abuse incident involving Campbell and Beau Campbell that allegedly occurred in the fall of 2009 at Campbell's home, i.e. after the incidents for which he was indicted and tried.

[*P16] The sealed records also contain summary pages concerning other allegations made by the child against other individuals, but not specifically against appellant, who appears to be designated by his full name of Roscoe Timothy Campbell by the agency for the allegation concerning him and Beau Campbell. Even assuming that the agency's summary lists appellant by the shorter name of "Tim Campbell," it lists only neglect allegations against that person, not sexual abuse allegations. In addition the summary in the sealed records indicates other allegations of sexual abuse involving the child, with the agency's disposition that most of them were "substantiated" or that the sexual abuse was "indicated"; but there is one against another individual that was "unsubstantiated." Thus, we do not determine the potential relevance of a series of multiple prior false allegations of sexual misconduct because the sealed records do not contain such information. However, that situation could raise more complex issues concerning the state's obligations under *Brady* and the applicable provisions of the rape-shield law. Because Campbell does not specifically request an expansion of *Kyles*, 514 U.S. 419, 437, 115 S.Ct. 1555, 131 L.Ed.2d 490, and *Sanders*, 92 Ohio St.3d 245, 261, 2001 Ohio 189, 750 N.E.2d 90, to require the disclosure of information held by state or local agencies that are not related to the investigation and prosecution of the crimes that are the subject of the specific case, we do not address that issue either.

[*P17] Because the records at issue are unrelated to the state's investigation or prosecution of the rape charges at issue in this case, the trial court correctly ruled that Campbell was not entitled to these confidential records pursuant to *Brady*; and the trial court also properly denied his motion for new trial based on this claim.

[*P18] Finally, even if we assume the state's nondisclosure of the alleged *Brady* evidence was improper, we conclude that this constitutional error was harmless beyond a reasonable doubt. 'A constitutional error can be held harmless if we determine that it was harmless beyond a reasonable doubt."' *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 123, quoting *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 78.

**[\*P19]** Ordinarily, in cases in which the appellant complains about the erroneous admission of evidence, the dispositive issue is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. See *State v. Ricks,* 136 Ohio St.3d 356, 2013-Ohio-3712, 995 N.E.2d 1181, ¶ 46. Here, however, appellant complains that he was not given access to exculpatory evidence. For these contentions, a "reviewing court may overlook an error where the admissible evidence comprises 'overwhelming' proof of a defendant's guilt." See *State v. Saunders*, 4th Dist. Ross No. 1896, 1993 Ohio App. LEXIS 5956, 1993 WL 524968, \*10 (Dec. 1, 1993) (any error caused by the non-disclosure of witness's testimony pursuant to *Brady* was harmless error); see also *State v. Hood*, 135 Ohio St.3d 137, 2012-Ohio-6208, 984 N.E.2d 1057, ¶ 43, quoting *State v. Williams*, 6 Ohio St.3d 281, 6 Ohio B. 345, 452 N.E.2d 1323 (1983), paragraph six of the syllabus ("'Where constitutional error \*\*\* is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of [the] defendant's guilt'"); see generally Katz, Martin, Giannelli, and Crocker, Baldwin's Ohio Practice Criminal Law, Section 80:18 (2013).

**[\*P20]** Here the evidence included the testimony of the certified polygraphist who concluded that Campbell lied when he stated that he had never put his penis in his daughter's vagina or mouth [footnote omitted], and Campbell's daughter's compelling recitation of the facts of the crimes. Given this evidence as well as the fact that the withheld evidence was, at best, only minimally helpful to Campbell's defense, we conclude that the remaining admissible evidence constituted overwhelming evidence of his guilt. Therefore, any error concerning the sealed evidence is harmless beyond a reasonable doubt.

**[\*P21]** Campbell's claims are meritless, and we overrule his first and second assignments of error.

*Campbell I, supra.*

The Warden concedes these two Grounds for Relief are preserved for merit consideration by this Court (Return, ECF No. 7, PageID 379-85). However, the Warden also notes that the Fourth District decided Campbell's *Brady* claim and its decision must be reviewed under the deferential AEDPA standard. When a state court decides on the merits a federal constitutional

claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

The documentation that Petitioner claims was suppressed is the content of a file possessed by the Adams County Children Services agency. When Petitioner's counsel subpoenaed those documents, the State moved to quash the subpoena on the grounds that those records are confidential as a matter of state law (Motion to Quash, SCR, ECF No. 6, PageID 58). The trial judge declined to quash the subpoena on the basis of the confidentiality statutes, but only after an in camera inspection and determination that there was no *Brady* material included because Children Services had not participated in investigating the alleged child abuse for which Petitioner was on trial. The Fourth District affirmed on that basis, having itself examined the sealed records and confirming the trial court's analysis.

The question of whether particular documentation in the Children Services file relates to the incidents for which a defendant is on trial is essentially a question of historical fact – comparing times, dates, places, and the contents of allegations in such a file with the times, dates, places, and allegations made in the indictment or bills of particulars. Here the Fourth District found the indictment alleged one offense occurred between February 1, 2004, and August 15, 2005, and the other offense occurred between November 15, 2007, and May 1, 2009. *Campbell I*, *supra*, ¶ 4. The trial court and the Fourth District found the allegations in the Children Services records that were not pursued related to an incident in 2010. *Id.* at ¶ 6.

A state court determination on such a question of historical fact – what the documents

9

show -- is "presumed to be correct. The [habeas] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has offered no evidence to the contrary, much less clear and convincing evidence.

The Fourth District decided a second issue with respect to the *Brady* claims. It found that, assuming *arguendo* that the Children Services file did contain *Brady* material, its nondisclosure was harmless. *Campbell I*, *supra*, ¶¶ 18-20. In doing so, it applied the Ohio harmless error standard of harmless beyond a reasonable doubt. *Id.* at ¶ 19. That standard favors the defendant more than the applicable federal constitutional standard. Constitutional error in a habeas case is not required to be harmless beyond a reasonable doubt as is required on direct appeal by *Chapman v. California*, 386 U.S. 18 (1967). Rather, error is harmless if the habeas court is satisfied it did not have a substantial and injurious effect or influence in determining the verdict. *Brecht v. Abrahamson*, 507 U.S. 619 (1993), adopting standard from *Kotteakos v. United States*, 328 U.S. 750 (1946). A federal court may grant habeas relief only if a constitutional violation had a substantial and injurious effect or influence in determining the jury's verdict. *Williams v. Bauman*, 759 F.3d 630, 637 (6th Cir.), *cert. denied*, 135 S. Ct. 876 (2014). This standard calls for reversal when the reviewing court lacks a "fair assurance" that the outcome of a trial was not affected by evidentiary error. *Beck v. Haik*, 377 F.3d 624 (6th Cir. 2004).

For the same reasons given by the Fourth District, this Court concludes any possible *Brady* error regarding the Children services file was harmless. The material referred to could only possibly be useful to the defense if it reported statements by the victim which contradicted testimony given at trial, i.e., for impeachment. With Campbell's consent,[2] he was subjected to a polygraph examination which showed he had lied about sexual conduct with his daughter. Moreover, the victim gave a "compelling recitation of the facts of the crimes." *Campbell I*,

---

[2] Polygraph results are only admissible in Ohio if the defendant has consented to the test in advance.

*supra*, ¶ 20.

Campbell's First and Second Grounds for Relief are without merit.

**Ground Three:  Error in Resentencing**

As noted above, the Fourth District sustained Campbell's third assignment of error on his first appeal and remanded for resentencing. *Campbell*, *supra*, ¶¶ 22-26.  The State had conceded that the trial court did not make the findings required by Ohio Revised Code § 2929.14(C)(4) and the Fourth District remanded for compliance.  As noted above, the trial court reimposed the same sentence and the Fourth District affirmed on the second appeal. *Campbell II*, *supra*,  and the Ohio Supreme Court declined jurisdiction.

To the extent that Mr. Campbell's claim in his Third Ground is that the trial court still did not comply with Ohio Revised Code § 2929.14(C)(4), that claim is not cognizable in federal habeas corpus.  The question of whether the sentencing judge complied with the Ohio statute is a question purely of Ohio law on which this Court is bound by the Ohio courts' interpretation. State law issues are not subject to habeas review, see *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Campbell made no federal constitutional claim on this issue on his second direct appeal. Instead, the Fourth District considered that it was only presented with an Ohio statutory interpretation claim:

> **[*P2]** Campbell once again asserts that the trial court erred in resentencing him to consecutive prison terms. He claims that the trial court did not provide adequate justification for the consecutive terms. The trial court had no obligation to state reasons to support its findings. Because the trial court made the findings required by R.C. 2929.14(C)(4) at the resentencing hearing and incorporated

> those findings in its new sentencing entry, we reject Campbell's
> assertion and affirm the judgment of the trial court.

*Campbell II, supra.*

In his Traverse, Mr. Campbell argues the trial court violated "his due process rights when it failed to articulate an analysis or finding for a sentence otherwise disproportionate . . ." However, Campbell cites to no clearly established United States Supreme Court precedent that would require a court to give its reasons for imposing a sentence clearly within the statutory range set by Ohio law. On appeal to the Ohio Supreme Court, he argued this claim purely in terms of what Ohio law requires and what the Ohio General Assembly had intended by adopting revisions to the sentencing statutes (Memorandum in Support of Jurisdiction, Record, ECF No. 6, PageID 223-25).

The claim made in Ground Three is not cognizable in federal habeas corpus.


**Ground Four:  Ineffective Assistance of Trial Counsel**


Mr. Campbell claims his attorney provided ineffective assistance of trial counsel by his failure "1) [to] use peremptory challenge to dismiss prejudicial juror due to extraneous influences, 2) to adequately investigate and prepare trial strategy, 3) failed to acquire expert rebuttal testimony or expert second opinion, 4) counsel sought prejudicial trial strategy, and 5) failed to correctly tender plea agreement."  (Reply, ECF No. 18, PageID 449.)

The Warden contends this Ground for Relief is procedurally defaulted because none of these sub-claims were presented on direct appeal to the Fourth District (Return, ECF No. 7, PageID 389).  Mr. Campbell counters that he presented them in his Application for Reopening the direct appeal.  That is accurate.  In his 26(B) Application, Mr. Campbell asserted he received

ineffective assistance of appellate counsel when his appellate attorney did not present as

assignments of error the following:

### Assignment of Error One

Appellant was deprived of his right to effective assistance of counsel and an impartial jury as guaranteed by the 6th Amendment of the United States Constitution, Article I § 10, and Article III § 2 of the Ohio Constitution.

### Assignment of Error Two

Appellant was deprived his due process right guaranteed him by the 5th, 6th, and 14th Amendments of the United States Constitution and Article I § 16 of the Ohio Constitution when trial court abused its discretion.

### Assignment of Error Three

Appellant was deprived of a fair and impartial trial when prosecution engaged in prejudicial conduct that tainted and/or prejudiced his jury.

(SCR, ECF No. 6, PageID 250.)

The procedural default doctrine in habeas corpus is described by the Supreme Court as

follows:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406

(6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional

rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*,

433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a

federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id.* Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id.*

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

An Application for Reopening does not preserve for habeas review new claims raised for the first time in the Application. An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), *citing Lott v.*

*Coyle,* 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.* If the court of appeals grants reopening and then considers the previously omitted assignments of error, then, but only then, are the claims preserved for habeas review. In this case the Fourth District declined to reopen the appeal "because Campbell has not met his burden to establish a genuine issue of whether he has a colorable claim of ineffective assistance of appellate counsel." *State v. Campbell,* Case No. 13CA969 (4th Dist. Jan 27, 2015)(unreported, copy at SCR, ECF No. 6, PageID 311, et seq.)("*Campbell III*").

The Fourth District meticulously examined all of the assertedly meritorious omitted assignments of error and concluded that none of them would likely have been successful if they had been raised in the appeal. It appropriately applied the standard of review of attorney conduct prescribed by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), and concluded that, in omitting the proposed new assignments of error, appellate counsel had not provided ineffective assistance. Like any other decision by a state appellate court on a federal constitutional question which later comes before a habeas court, this decision is entitled to deference under the AEDPA. To overcome that deference, Mr. Campbell must show that the Fourth District's decision is contrary to or an objectively unreasonable application of Supreme Court precedent, in this case, *Strickland*, *supra*.

Campbell has not succeeded in that attempt. He has not persuaded this Court any more than he did the Fourth District that the omitted assignments of error would have been successful.

In essence he repeats the arguments he made to the Fourth District (Reply, ECF No. 18, PageID 449-51). He does not demonstrate any way in which the Fourth District misinterpreted the record or missed references to evidence that was in the record.

Therefore Ground Four is procedurally defaulted because the claims made there could have been raised on direct appeal and were not.

**Ground Five:  Trial Court Abuse of Discretion**

In his Fifth Ground for Relief, Campbell claims the trial court abused its discretion in discharging a juror who believed the burden of proof for a sex crime had to be higher than proof beyond a reasonable doubt and then in limiting his cross-examination of his daughter, the victim of his crimes (Reply, ECF No. 18, PageID 451).

The Warden asserts this Ground for Relief is procedurally defaulted on the same basis as Ground Four and the Court agrees. In deciding the 26(B) Application, the Fourth District found these two sub-clams were meritless and therefore it was not ineffective assistance of appellate counsel to fail to raise them. *Campbell III*, ¶ 26, PageID 322. By failing to find ineffective assistance of appellate counsel which would have excused the failure to raise these two claims on direct appeal, the Fourth District enforced the Ohio rule requiring all appellate claims to be raised in the first appeal of right. That is an adequate and independent state procedural rule and Campbell has shown no excusing cause and prejudice. Ground Five should be dismissed on the same basis as Ground Four.

**Ground Six:  Prosecutorial Misconduct Tainting or Prejudicing the Jury**

In his Sixth Ground for Relief, Mr. Campbell recites a number of claims of prosecutorial misconduct and asserts this conduct deprived him of due process and a fair trial (Reply, ECF No. 451-53).  The Warden asserts that, like Grounds Four and Five, this ground for relief is procedurally defaulted by failure to raise it on direct appeal.  As with Grounds Four and Five, this claim was indeed raised for the first time in Mr. Campbell's 26(B) Application.  The Fourth District found the claims had no merit and therefore it was not ineffective assistance of appellate counsel to fail to raise them. *Campbell III,* SCR ECF No. 6, PageID 324.  As with Grounds Four and Five, Campbell has not shown this was an unreasonable application of *Strickland* as it applies to appellate counsel.  Therefore this Court is bound to defer to the Fourth District's conclusion.

> "A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fair-minded jurists could disagree" on the correctness of the state court decision," *Harrington v. Richter,* 562 U.S. 86, 101 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).  The state court decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall,* 572 U.S. ___, ___ (2014), slip op. at 4.
>
> When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is "doubly deferential," *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Burt v. Titlow*, 571 U.S. ___, ___ (2013), slip op. at 9)(quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984); internal quotation marks omitted).  In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt." *Burt*, *supra*, at ___, 134 S. Ct. 10, 187 L. Ed. 2d 348 (slip op. at 1).

*Woods v. Etherton*, 578 U.S. ___, 136 S. Ct. 1149, 1151 (2016)(per curiam; unanimous), reversing *Etherton v. Rivard*, 800 F.3d 737 (6th Cir. 2015). Ground Six should therefore be dismissed.

## Ground Seven: Cruel and Unusual Punishment by Imposing a Disproportionate Sentence

Magistrate Judge Bowman, to whom this case was previously referred, permitted Mr. Campbell to amend his Petition to add a Seventh Ground for Relief, to wit, that "Petitioner was denied his fundamental right to due process when the trial court imposed a consecutive sentence grossly disproportionate to the offense." (Order, ECF No. 14, PageID 418.)

The Warden asserts this ground for relief is procedurally defaulted by Mr. Campbell's failure to fairly present it to the state courts as a federal constitutional claim (Supplemental Return, ECF No. 16, PageID 422).

Campbell argues this Ground for Relief in his Reply in conjunction with his Third Ground, intertwining arguments based on the Ohio sentencing statute and on the Eighth Amendment's Cruel and Unusual Punishment Clause (Reply, ECF No. 18, PageID 446-48).

The Cruel and Unusual Punishment Clause of the Eighth Amendment is applicable to the States through the Fourteenth Amendment's Due Process Clause. *Robinson v. California*, 370 U.S. 660 (1962). Thus Mr. Campbell's due process claim is properly analyzed in terms of Supreme Court interpretation of the Eighth Amendment.

Mr. Campbell responds to the Warden's fair presentation defense by asserting that "in fact petitioner presented to the Ohio Supreme Court that his constitutional question was 'consecutive sentencing and proportionality.'" (Response, ECF No. 18, PageID 447, citing

Record, ECF No. 6, PageID 222.)   The context in which the quoted language appears is as follows:

> The court of appeals rationalizes that the trial court had no obligation to state reasons to support it's findings over this court's recent decisions which held "that the record in order to satisfy the statute requires that it reflect that the court engaged in the required analysis and selected the appropriate statutory criteria" *State v Setty,* 2014 Ohio 2340, *State v.· Bennell,* 140 Ohio St. 3d 209 (2014), except in appellant's case it remains unresolved as to whether the trial court and the court of appeals properly applied the legislative intent of §2929.11 of the Ohio Revised Code as it relates to consecutive sentencing and proportionality.
>
> The court of appeals decision-making lends to erode the legislative intent of fair sentencing reform and negates the fundamental principles set in place to reform an offender and protect the public and if such a decision is left to firm it will serve to exclude the fair sentencing variables that gives both structure and purpose to the sentencing statutes.

Thus read in context Mr. Campbell's reference to "proportionality" is not part of any fairly presented constitutional claim, but instead an argument about how the Ohio sentencing statutes should be interpreted.  Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984).  Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter* , 450 F.3d at 236; *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same).  "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Even if Mr. Campbell's Memorandum in Support of Jurisdiction had presented a fully

developed constitutional claim, he would still not have escaped the procedural default bar, because he would not have presented that argument to the Fourth District. As noted above with respect to Ground Three, Campbell's sentencing argument in the court of appeals was purely a statutory interpretation argument.

But even if Mr. Campbell's due process argument survived every procedural hurdle, it would still be without merit. Campbell stands convicted by a jury of raping his minor daughter not once, but twice. In applying the Cruel and Unusual Punishment Clause to non-capital crimes, the Supreme Court has held:

> The Eighth Amendment proportionality principle also applies to noncapital sentences. In *Rummel v. Estelle,* 445 U.S. 263, 63 L. Ed. 2d 382, 100 S. Ct. 1133 (1980), we acknowledged the existence of the proportionality rule for both capital and noncapital cases, id., at 271-274, and n. 11, but we refused to strike down a sentence of life imprisonment, with possibility of parole, for recidivism based on three underlying felonies. In *Hutto v. Davis,* 454 U.S. 370, 374, 70 L. Ed. 2d 556, 102 S. Ct. 703, and n. 3 (1982), we recognized the possibility of proportionality review but held it inapplicable to a 40-year prison sentence for possession with intent to distribute nine ounces of marijuana. Our most recent decision discussing the subject is *Solem v. Helm,* 463 U.S. 277, 77 L. Ed. 2d 637, 103 S. Ct. 3001 (1983). There we held that a sentence of life imprisonment without possibility of parole violated the Eighth Amendment because it was  "grossly disproportionate" to the crime of recidivism based on seven underlying nonviolent felonies. The dissent in *Solem* disagreed with the Court's application of the proportionality principle but observed that in extreme cases it could apply to invalidate a punishment for a term of years. Id., at 280, n. 3. See also *Hutto v. Finney,* 437 U.S. 678, 685, 57 L. Ed. 2d 522, 98 S. Ct. 2565 (1978) (dicta); *Ingraham v. Wright,* 430 U.S. 651, 667, 51 L. Ed. 2d 711, 97 S. Ct. 1401 (1977) (dicta).

*Harmelin v. Michigan*, 501 U.S. 957, 997-998 (1991). The Sixth Circuit "adheres to the 'narrow proportionality principle' for evaluating Eighth Amendment claims articulated in *Harmelin*." *United States v. Young*, 847 F.3d 328 (6th Cir. 2017), citing  *United States v. Graham,* 622 F.3d

445, 452 (6th Cir. 2010); *United States v. Hill*, 30 F.3d 48, 50-51 (6th Cir. 1994).  It is only within the professional career of the undersigned that the death penalty has been found cruel and unusual punishment for the rape of any adult woman. *Coker v. Georgia*, 433 U.S. 584, 597 (1977).  If this Court were to reach the merits of this Seventh Ground, it would readily hold that life imprisonment is completely proportionate to the crime of raping one's own minor daughter.  Certainly Mr. Campbell has cited no Supreme Court precedent to the contrary.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 7, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).