# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROSCOE T. CAMPBELL,

            Petitioner,    :    Case No. 1:16-cv-411

  - vs -                      District Judge Timothy S. Black
                                  Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                :

            Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION TO AMEND THE JUDGMENT

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 26) to the Magistrate Judge's Report and Recommendations (ECF No. 20).

The Report was filed June 7, 2017. Petitioner took two extensions of time to file objections (ECF Nos. 22 & 23), the last of which expired September 26, 2017. When no objections had been received by the Clerk as of October 5, 2017, the Court expected that Mr. Campbell did not intend to file objections and therefore entered judgment,

However, Mr. Campbell has certified that he mailed his Objections on September 25, 2017 (See ECF No. 26, PageID 492). Deposit of an item in the prison mail box counts as filing for an incarcerated person. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Mr. Campbell is therefore entitled to have his Objections considered on the merits. However, because the Objections were received and docketed after judgment had

1

been entered, the Court is required to treat the Objections as a motion to amend the judgment under Fed. R. Civ. P. 59(e).

**Grounds One and Two: *Brady* Violations**

In his First and Second Grounds for Relief, Campbell alleges the prosecutor (Ground One) and trial court (Ground Two) violated his Due Process rights by failing to disclose the Adams County Children Services file regarding its investigation of the accusation against him. The Report concluded these claims should be dismissed on the merits because both the trial court and the Fourth District Court of Appeals had examined the file in question and determined that it did not include any *Brady* material or, even assuming some the file might arguably be considered as *Brady* material, failure to disclose it was harmless beyond a reasonable doubt.

Part of the state courts' determination that the file did not include *Brady* material was based on their finding that the portion of the file claimed under *Brady* related to a different incident which occurred well **after** the incidents for which Campbell was convicted. Campbell now claims the jury should have been able to see this material to "assess the reliability and thoroughness of the State's prosecution." (Objections, ECF No. 26, PageID 487, citing *Williams v. Bauman*, 759 F.3d 630 (6th Cir. 201 by the 4).

*Williams* does not discuss *Brady* issues at all. It reinforces the precedent relied on in the Report that requires a federal habeas court to defer to state court decisions on federal constitutional issues unless they are contrary to or an objectively unreasonable application of U.S. Supreme Court precedent. The discussion of "reliability" to which Mr. Campbell adverts relates to the utility of the Confrontation Clause in guaranteeing reliability of testimony; it says

2

nothing about the reliability of investigations.

Campbell asserts the undisclosed material "directly contradicts the witness and States [sic] assertion." (Objections, ECF No. 26, PageID 488). However, he offers no proof of this claim. As the Report notes, to overcome a state court's finding of fact, a habeas petitioner must offer proof by clear and convincing evidence. Campbell has offered no evidence at all. As the state courts found, the withheld material did not relate at all to the charges actually filed against Campbell. Under those circumstances, there was no *Brady* violation. Grounds One and Two should remain dismissed on the merits.

**Ground Three: Error in Re-Sentencing to Consecutive Terms**

In his Third Ground for Relief, Campbell claims he was denied due process of law and subjected to cruel and unusual punishment when he was resentenced without an explanation of why his sentence was not disproportionate to the crimes of which he was convicted. The Report recommended dismissal of this claim on the ground it had not been fairly presented to the state courts as a federal constitutional claim and on the alternative ground that the federal Constitution does not require such an explanation (Report, ECF No. 20, PageID 467).

In his Objections, Campbell just repeats his allegations that a statement of reasons is constitutionally required, but cites *Harmelin v. Michigan*, 501 U.S. 957 (1991), and *Solem v. Helm,* 463 U.S. 277 (1983). While both of those cases recognize that the Cruel and Unusual Punishment Clause can apply to a term of years, they both require actual proportionality, not an explanation of why a particular sentence is proportional. There is no constitutional right to an explanation from a sentencing judge of why he or she deems as sentence to be proportional.

In the alternative, this Ground is also barred by Campbell's procedural default. As the Report notes, he presented his resentencing claim to the Fourth District purely as a state law claim.

**Ground Four: Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Campbell contends he received ineffective assistance of trial counsel in four separate respects. The Warden argued these claims were procedurally defaulted because they could have been raised on direct appeal but were not. Campbell responded that he had raised these sub-claims as omitted assignments of error when he filed his application for reopening under Ohio R. App. P. 26(B). The Report acknowledged that fact, but held that an application for reopening only preserves claims of ineffective assistance of appellate counsel and not the underlying claims. (Report, ECF No. 20, PageID 469, citing *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012).)

In his Objections, Campbell correctly asserts that a 26(B) application is the sole method of raising an ineffective assistance of appellate counsel claim under Ohio law. But that fact does not overcome Campbell's procedural default in failing to raise these claims of ineffective assistance of trial counsel on direct appeal because, in denying his 26(B) application, the Fourth District found the omitted assignments of error were not meritorious. To put it another way, ineffective assistance of appellate counsel would excuse failure to raise the claims on direct appeal, but the Fourth District's decision that Campbell did not receive ineffective assistance of appellate counsel is not objectively unreasonable. Campbell merely repeats those claims and does not show how the Fourth District's rejection of them is somehow contrary to or an

objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Ground Four should remain dismissed.

**Ground Five: Trial Court Abuse of Discretion**

In his Fifth Ground for Relief, Campbell argued the trial court abused its discretion in (1) excusing a juror who espoused a higher standard of proof for sexual crimes than proof beyond a reasonable doubt and (2) limiting his cross-examination of the victim. The Report recommended dismissing this Ground on the basis urged by the Warden, which was that Campbell had procedurally defaulted these claims by not raising them on direct appeal (ECF No. 20, PageID 471).

In his Objections, Campbell does not deal with the procedural default point. Instead, he asserts "[t]hese actions were unequivocally an abuse of the trial court's discretion," (Objectionss, ECF No. 26, PageID 490, citing *Brown v. Tibbles*, 2013 U.S. Dist. LEXIS 140744 (N.D. Ohio 2013). *Brown* does not speak to abuse of discretion as to either of the issues Campbell raises. Moreover, abuse of discretion is not a cognizable constitutional violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). Ground Five should therefore remain dismissed.

**Ground Six: Prosecutorial Misconduct**

In his Sixth Ground for Relief, Campbell asserts a number acts of alleged prosecutorial misconduct deprived him of a fair trial. The Warden asserts these claims were barred on the same basis as Grounds Four and Five and the Report agreed (ECF No. 20, PageID 472-73).

Campbell "wholly disagrees," but gives no reasons beyond those argued for Grounds Four and Five (Objections, ECF No. 26, PageID 490). No further analysis is required.

**Ground Seven: Cruel and Unusual Punishment by Imposing A Disproportionate Sentence**

In his Seventh Ground for Relief, Campbell again asserts his sentence violates his Eighth Amendment right to be free from cruel and unusual punishment because it is grossly disproportionate to the crimes for which he was convicted.

As noted above with respect to Ground Three, Campbell never fairly presented this claim to the Fourth District as a federal constitutional claim and it is therefore procedurally defaulted (Report, ECF No. 20, PageID 474).

The Report offered an alternative analysis on the merits. Noting that no Supreme Court precedent holds otherwise, the Magistrate Judge opined that life imprisonment was not a disproportionate sentence for raping one's minor daughter (Report, ECF No. 20, PageID 476).

In his Objections, Campbell presents no argument on either the procedural default analysis or on the merits, He merely repeats, without citation to any supporting United States Supreme Court precedent, that an Ohio trial judge must, as a matter of federal constitutional law, state his or her reasons for imposing consecutive sentences. Because federal habeas relief can be granted only when a state court decision contravenes or unreasonably applies Supreme Court holdings – and Campbell has cited no such holdings – the judgment on the Seventh Ground for Relief should not be amended.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Objections, construed as a motion to amend, be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 10, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).